IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHAD FENLEY DAVIS, } | |
| TDCJ-CID No. 1336883, } | |
| Petitioner, } | |
| v. } | CIVIL ACTION H-08-1256 |
| NATHANIEL QUARTERMAN., } | |
| Respondent. } | |

OPINION ON DISMISSAL

Petitioner Chad Fenley Davis has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging a 1996 judgment of a conviction for possession of a controlled substance in cause number 24,062-361 in the 361st District Court of Brazos County, Texas. (Docket Entry No.1). The Texas Department of Criminal Justice Offender Information Detail reflects that petitioner is presently confined as a result of a capital murder conviction in cause number 04-01287-CRF-85 from Brazos County, Texas.[1] Because petitioner is no longer is custody pursuant to this judgment, the Court lacks jurisdiction to consider this habeas action. Accordingly, the Court will dismiss petitioner's habeas petition.

Background

Petitioner reports that on March 26, 1996, he was convicted of possession of marijuana and sentenced to two years confinement in a state jail facility. (Docket Entries No.1, No.2). The sentence was probated for five years. Petitioner's conviction was affirmed on direct appeal. *Davis v. State*, No.01-96-00619-CR (Tex. App.—Houston [1st Dist.] 1997, no pet.). On March 20, 2002, petitioner's probation was revoked upon his plea of true and he was sentenced to 365 days in the Brazos County, Texas Jail. (Docket Entry No.2). Petitioner indicates that he

---

[1] *See* http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=05052536

filed through counsel a state habeas application pursuant to article 11.072 of the Texas Code of Criminal Procedure, which was dismissed on October 5, 2005.  (*Id*.).  On December 4, 2006, petitioner again sought state habeas relief, which the Texas Court of Criminal Appeals denied without written order on January 31, 2007.  Texas Court website.[2]  Petitioner filed a motion for reconsideration, which the Texas Court of Criminal Appeals disposed of on March 13, 2007, by its notation of "[n]o action necessary."  *Id.*  On April 18, 2008, petitioner filed this federal habeas petition challenging his 1996 drug conviction.  (Docket Entry No.1).

## Discussion

"Federal district courts do not have jurisdiction to entertain [28 United States Code] section 2254 actions if, at the time the petition is filed, the petitioner is not 'in custody' under the conviction or sentence which the petition attacks."  *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).  A habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed.  *Id.* at 491.

Petitioner reports that his drug conviction in cause number 24,062-361 from the 361st District Court of Brazos County has expired.  (Docket Entry No.6).  Notwithstanding the expiration of his sentence, petitioner indicates that he seeks federal habeas relief from this conviction because of the collateral consequences of having such conviction on his record.  (*Id.*).  He also seeks an evidentiary hearing on his claim of actual innocence.  (*Id*.).  However, because petitioner was not in custody for the 1996 drug conviction from the 361st District Court of Brazos County, Texas, when he filed the pending petition, he cannot bring a federal habeas action directed solely at the 1996 drug conviction in cause number 24,062-361.  *See Lackawanna*

---

[2] *See* http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2275588

*County District Attorney v. Coss*, 532 U.S. 394, 401 (2001). Accordingly, the Court will dismiss the petition with prejudice for want of jurisdiction.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Opinion on Dismissal, a certificate of appealability will be denied.

## Conclusion

Accordingly, the Court ORDERS the following:

1. Petitioner's habeas petition (Docket Entry No.1) is DISMISSED with prejudice for want of jurisdiction.

3

2. Petitioner's request for an evidentiary hearing is DENIED, as moot.

3. A certificate of appealability is DENIED.
4.
5. All other pending motions, if any, are DENIED.

6. All other pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 18th day of June, 2008.

                                    MELINDA HARMON
                             UNITED STATES DISTRICT JUDGE